UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MCCLASH, *et al.*,

    Plaintiffs,

v.                               Case No. 8:20-cv-543-T-36AEP

FLORIDA DEPARTMENT OF
TRANSPORTATION, *et al.*,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiffs' Motion to Establish Service Compliance (Doc. 23). By the motion, Plaintiffs request that the Court recognize their efforts to serve the United States Department of Transportation (the "USDOT") and Nicole R. Nason, the Administrator for the Federal Highway Administration (the "Administrator"), in her official capacity, as sufficient to constitute proper service of process. Though the motion describes efforts made by a process server to serve the USDOT and the Administrator (Doc. 23, Ex. A), the motion does not indicate that Plaintiffs complied with the requirements of Rule 4(i), Federal Rules of Civil Procedure, which states, in relevant part:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
>     **(1)** *United States*. To serve the United States, a party must:
>         **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>            **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>         **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1)-(2). Nothing in the motion or the affidavit of the process server indicates that Plaintiffs complied with the requirements to provide copies to the United States Attorney's Office for the Middle District of Florida or to the Office of the Attorney General of the United States. The only attempts made by the process server were to the USDOT and the Administrator's office in Washington, D.C. Accordingly, a finding that Plaintiffs complied with the service requirements of Rule 4 is not warranted.

As an additional matter, all four Plaintiffs appear *pro se* in this matter. Parties may plead and conduct their cases either by counsel or personally, otherwise referred to as *pro se*. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel …"). "The right to appear *pro se*, however, is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (*per curiam*) (citations and internal quotation marks omitted); *see also U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. 2003) ("Axiomatically, a lay person is entitled to represent only himself, not any other person or entity."). Though Plaintiffs may jointly move for relief, they are on notice that they may not represent each other.[1]

---

[1] It should also be noted that mail sent to the address of record for Plaintiff Linda Molto has been returned as undeliverable with no forwarding address. To the extent that Plaintiff Molto plans to appear and pursue her claims in this action, she must provide an updated address. The failure to do so may lead to the dismissal of her as a party to this action.

2

After consideration, it is hereby

ORDERED:

1. Plaintiffs' Motion to Establish Service Compliance (Doc. 23) is DENIED WITHOUT PREJUDICE.

2. Plaintiffs shall have up to and including October 12, 2020 to effect service in accordance with Rule 4(i).

DONE AND ORDERED in Tampa, Florida, on this 11th day of August, 2020.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record
      Plaintiffs, *pro se*